**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0727-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CARLOS A. ESCOBAR, a/k/a
CARLOS ALBEIRO ESCOBAR
SANABRIA,

     Defendant-Appellant.

_____

Submitted February 4, 2019 – Decided February 11, 2019

Before Judges Sabatino and Sumners.

On appeal from Superior Court of New Jersey, Law Division, Morris County, Indictment No. 16-02-0148.

Joseph E. Krakora, Public Defender, attorney for appellant (Jay L. Wilensky, Assistant Deputy Public Defender, of counsel and on the brief).

Fredric M. Knapp, Morris County Prosecutor, attorney for respondent (Paula C. Jordao, Assistant Prosecutor, on the briefs).

Appellant filed a pro se supplemental brief.

PER CURIAM

This is a direct appeal pursuant to Rule 3:5-7 of a trial court's denial of a suppression motion following the entry of a guilty plea. We affirm.

Appellant Carlos A. Escobar was one of numerous individuals identified as suspects during an investigation into the drug distribution network of a man named J.S.[1] Narcotics investigators gathered evidence by court-approved wiretaps and through the use of an undercover investigator. The undercover investigator made numerous purchases of cocaine from J.S. The investigation revealed that J.S. and other individuals, including Escobar, were involved in the narcotics distribution activities.

The wiretaps intercepted numerous drug-related conversations between Escobar and J.S., in which Escobar placed orders for cocaine. Surveillance also revealed several meetings between Escobar and J.S. Also, the intercepted wiretap conversations included certain "code words," which the undercover officer himself used successfully in making the purchases from J.S.

The police applied for a search warrant to search an apartment where Escobar was believed to reside with his girlfriend.

---

[1] We use initials for J.S. in light of the possible continued confidentiality of materials in the Confidential Appendix.

A-0727-17T3

Judge Stuart Minkowitz granted the search warrant. The police executed the warrant at the premises. They found no cocaine but found four pounds of marijuana in a suitcase, and $1,850 in cash. Escobar was arrested outside of the residence, and a search of his person turned up another $1,080 in cash.

The State charged Escobar in a six-count indictment with five narcotics-related offenses, including second-degree conspiracy to possess cocaine with intent to distribute it, and second-degree endangering the welfare of a child.

Escobar moved to suppress the fruits of the search. His motion was denied by Judge Stephen J. Taylor in a comprehensive written decision issued on May 8, 2017. Judge Taylor concluded that the search warrant affidavit satisfied the elements of probable cause. He found that the State had made enough of a showing to discern probable cause to believe that Escobar had been involved in drug activity and there was reason to believe those drugs would be found at his usual place of residence.

After the suppression motion was denied, Escobar's trial counsel negotiated a plea agreement with the State, in which Escobar pled guilty to third-degree possession of marijuana with intent to distribute it, N.J.S.A. 2C:35-5(a)(1), -5(b)(11). The State applied for and was granted its request for the

imposition of an extended-term sentence under N.J.S.A. 2C:43-6(f), in light of Escobar's prior criminal record.

The court imposed a five-year prison sentence with a three-year parole disqualifier. The remaining counts of the indictment were dismissed. Escobar than moved for admission to the Drug Court program, which was denied.[2]

On appeal, defendant makes the following arguments in his brief:

> THE EVIDENCE SEIZED PURSUANT TO THE WARRANT MUST BE SUPPRESSED BECAUSE THE WARRANT APPLICATION LACKED THE REQUISITE SHOWING OF PROBABLE CAUSE. U.S. CONST., AMENDS. IV, IX; N.J. CONST. (1947), ART. 1, PAR. 7
>
> A. The Warrant Application Failed To Allege Facts Sufficient To Support the Crimes Alleged.
>
> B. The Warrant Application Failed to Demonstrate Probable Cause That the Defendant Was Engaged in Criminal Activity.

In addition, defendant makes the following arguments in a supplemental pro se brief:

> POINT I
>
> TRIAL COURT ERRED WHEN IT FAILED TO SUPPRESS THE SEARCH WARRANT THAT FAILED TO ESTABLISH PROBABLE CAUSE

---

[2] The Drug Court denial is not an issue raised on appeal.

A-0727-17T3

THAT DRUGS WOULD BE FOUND THERE OR THAT APPELLANT LIVED THEREIN.

POINT II

TRIAL COURT FAILED TO ENTERTAIN THE APPELLANT'S MITIGATING FACTORS AND/OR APPLY THE APPROPRIATE SENTENCING PURSUANT TO SAID MITIGATING FACTORS WHICH PREJUDICED THE APPELLATE AND CONSTITUTED AN EXCESSIVE HARDSHIP SENTENCE APPELLANTS SENTENCE MUST BE REMANDED FOR RESENTENCING.

Having duly considered these arguments, we affirm the suppression ruling substantially based on the well-reasoned analysis of Judge Taylor in his lengthy written opinion. The record demonstrates that the State's warrant application was based on adequate facts indicating Escobar's involvement in criminal activity. Defendant failed to surmount his "burden of proof to establish a lack of probable cause 'or that the search was otherwise unreasonable.'" State v. Boone, 232 N.J. 417, 427 (2017). The supporting affidavit indicated more than a single agreement to buy or sell drugs and instead supported a drug conspiracy utilizing code words. As such, the warrant application did not violate the "simple agreement" tenets of State v. Roldan, 314 N.J. Super. 173, 182 (App. Div. 1998).

A-0727-17T3

We also reject Escobar's pro se argument contesting his sentence. The record adequately supported the finding of aggravating factor three (the risk of re-offense), N.J.S.A. 2C:44-1(a)(3), as well as two other aggravating factors. Given Escobar's multiple prior offenses, including two drug offenses, the sentence imposed consistent with his plea agreement does not shock the judicial conscience. State v. Bieniek, 200 N.J. 601, 607-08 (2010).

All other arguments, to the extent we have not already addressed them, lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0727-17T3