# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5927-17T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

D.H.,

      Defendant-Appellant.

_____

      Submitted September 10, 2019 – Decided September 26, 209

      Before Judges Messano and Susswein.

      On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 17-01-0086.

      Jacobs & Barbone, PA, attorneys for appellant (Louis Michael Barbone, on the brief).

      Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (John Joseph Santoliquido, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant D.H. appeals from the denial of his motion for a Franks v. Delaware[1] hearing to challenge the veracity of the testimony that provided the basis for a search warrant for weapons issued pursuant to the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. Defendant argues that the fruits of that search should be suppressed. After reviewing the record, we are satisfied that defendant's motion for a Franks hearing was properly denied for the reasons set forth in the trial judge's thorough and well-reasoned letter opinion. We agree with Judge Waldman that defendant failed to make a substantial preliminary showing that the testimony the court relied upon to issue the PDVA search warrant contained a deliberate falsehood or exhibited reckless disregard of the truth.

I.

On November 23, 2016, a judge issued a domestic violence temporary restraining order (TRO) against defendant based on the ex parte telephonic testimony of Z.C. Z.C. alleged that defendant had harassed her. During the telephonic hearing, the judge inquired whether defendant possessed any

---

[1] 438 U.S. 154 (1978); see also State v. Howery, 80 N.J. 563, 568 (1979) (holding that under the New Jersey Constitution, "New Jersey courts, in entertaining veracity challenges, need go no further than is required as a matter of Federal Constitutional law by Franks v. Delaware").

A-5927-17T3

weapons. After determining that there was probable cause to believe that defendant possessed firearms in either of two residential premises, the judge issued a search warrant pursuant to N.J.S.A. 2C:25-28(j). The execution of that search warrant by police revealed firearms, other weapons, hollow-point ammunition, a high-capacity magazine, and controlled substances.

On December 15, 2016, a different judge held a plenary hearing to decide whether to convert the domestic violence TRO into a final restraining order (FRO). After hearing testimony from both defendant and Z.C., this judge concluded that Z.C. failed to prove the predicate offense of harassment by a preponderance of the evidence. The judge found that the heated encounters between defendant and Z.C. were "domestic contretemps" not rising to the level of domestic violence. On that basis, the judge denied Z.C.'s request for an FRO and dismissed the TRO. So far as the plenary hearing record before us indicates, the judge did not make explicit credibility findings with respect to the testimony of either defendant or Z.C.

Defendant was subsequently charged with multiple weapon and drug offenses, including three counts of possession of a firearm by a "certain person," that is, a person who has previously been convicted of a predicate indictable crime. N.J.S.A. 2C:39-7(b)(1). Defendant moved to suppress the evidence that

had been seized pursuant to the PDVA search warrant. A third judge, Judge Jeffrey J. Waldman, denied defendant's motion for a <u>Franks</u> hearing in a ten-page letter-opinion. This Court denied defendant's motion for leave to file an interlocutory appeal. Defendant thereafter pled guilty to one of the certain persons gun charges pursuant to a plea agreement under which all remaining charges were dismissed. Defendant was sentenced in accordance with his plea agreement to a State Prison sentence with a five-year period of parole ineligibility.

Defendant in this appeal contends:

POINT I

WHERE A TRO AFFIANT LATER RECANTS THOSE MATERIAL FACTS NECESSARY TO ESTABLISH AN ACT OF DOMESTIC VIOLENCE AT A SUBSEQUENT FRO TRIAL, A SUBSTANTIAL PRELIMINARY SHOWING OF FALSITY HAS BEEN ESTABLISHED AND A <u>FRANK'S</u> [sic] HEARING MUST BE CONVENED.

POINT II

DEFENDANT MADE A SUBSTANTIAL PRELIMINARY SHOWING OF MATERIAL FACTUAL MISREPRESENTATIONS AND FLASEHOODS BY THE DV APPLICANT BASED UPON HER SUBSEQUENT TESTIMONY AT TRIAL AND HER FRAUDULENT PROSECUTION OF A PATERNTIY ACTION AGAINST THE DEFENDANT.

II.

As the New Jersey Supreme Court has recently reaffirmed, "[a] search that is executed pursuant to a warrant is 'presumptively valid,' and a defendant challenging the issuance of that warrant has the burden of proof to establish a lack of probable cause 'or that the search was otherwise unreasonable.'" State v. Boone, 232 N.J. 417, 427 (2017) (quoting State v. Watts, 223 N.J. 503, 513-14 (2015) (citation omitted)). It is well-established that a defendant is not automatically entitled to a hearing to challenge the veracity of a supporting affidavit. Rather, as the New Jersey Supreme Court explained in Howery, "[t]he limitations imposed by Franks are not insignificant." 80 N.J. at 567. "First, [a] defendant must make a 'substantial preliminary showing' of falsity in the warrant." Ibid. (quoting Franks, 438 U.S. at 170). The defendant "must allege 'deliberate falsehood or reckless disregard for the truth.'" Ibid. Furthermore, "the misstatements claimed to be false must be material to the extent that when they are excised from the affidavit, that document no longer contains facts sufficient to establish probable cause." Id. at 568 (citing Franks, 438 U.S. at 171).

Typically, challenges to the veracity of a search warrant affidavit under Franks and Howery occur in cases where law enforcement affiants are seeking

a criminal-law search warrant. Defendant asks us to extend the <u>Franks</u> doctrine to PDVA search warrants issued pursuant to N.J.S.A. 2C:25-28(j). Defendant cites no authority for the proposition that a <u>Franks</u> challenge applies in these circumstances. It is important to note, however, that the State does not appear to contest that a PDVA search warrant can be challenged based on deliberate and material misstatements made by a civilian who is applying for a domestic violence TRO.

We need not decide whether under the United States and New Jersey Constitutions, a PDVA search warrant may be invalidated if it would not have been issued but for a deliberate falsehood or reckless disregard for the truth by a civilian who is seeking a domestic violence TRO. The State does not contest that a PDVA search warrant predicated on such false testimony is constitutionally defective and that the exclusionary rule and "fruit of the poisonous tree" doctrine is properly invoked if the search warrant is found defective on those grounds.

In <u>State v. Dispoto</u>, the New Jersey Supreme Court made clear that "'evidence seized pursuant to a defectively authorized search warrant' is inadmissible in a subsequent criminal prosecution." 189 N.J. 108, 121 (2007) (quoting <u>State v. Cassidy</u>, 179 N.J. 150, 159 (2004), <u>abrogated on other grounds</u>

6

by <u>State v. Edmonds</u>, 211 N.J. 117 (2012)). In <u>Dispoto</u>, law enforcement officers were directly involved in the process of obtaining the domestic violence TRO—a circumstance that the municipal court judge hearing the TRO application thought to be "odd." <u>Id.</u> at 115. The Court in <u>Dispoto</u> thus had no occasion to consider whether the suppression remedy would apply as well with respect to a defective TRO application in which there is no law enforcement involvement.

Any question concerning the applicability of the suppression remedy to civilian TRO applications appears to have been resolved in <u>State v. Hemenway</u>. __ N.J. __ (2019) (slip op. at 3-4). The Court suppressed the fruits of a search authorized by a defective PDVA search warrant in a case where law enforcement played no role in the TRO application. <u>Hemenway</u>, __ N.J. __ (slip op. at 35). The Court definitively held that a search warrant issued pursuant to N.J.S.A. 2C:25-8(j), while civil in nature, must meet the probable cause threshold that applies to all warrants under the Fourth Amendment and its state constitutional counterpart, Article 1, par. 7. <u>Hemenway</u>, __ N.J. __ (slip op. at 16, 33).

The facts in <u>Hemenway</u> did not present an opportunity for the Court to consider whether the principles undergirding <u>Franks</u> apply to a search warrant issued upon information contained within a civilian's application for a domestic

violence TRO. We nonetheless read <u>Hemenway</u> to apply to any constitutional defect in a PDVA search warrant. The probable cause requirement, of course, is a cornerstone of Fourth Amendment protections and is explicitly set forth in the text of the Fourth Amendment.[2] But so too is the requirement that all warrants be "supported by Oath or affirmation." <u>U.S. Const.</u> amend. IV. We therefore view a defect with respect to the truthfulness of a sworn TRO application to be as fundamental, for purposes of constitutional analysis and remedy, as a defect pertaining to the existence of probable cause. Indeed, a finding of a <u>material</u>[3] falsehood under the <u>Franks</u> standard would be tantamount to a finding that probable cause did not exist to support the warrant.

The Court in <u>Hemenway</u> at the very outset of its opinion emphasized that "[n]o principle is more firmly rooted in our Federal and State Constitutions than the right of the people to be free from unreasonable searches of their homes." __ N.J. __ (slip op. at 2). The Court later expounded on that principle, noting,

---

[2] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, <u>but upon probable cause</u>, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." <u>U.S. Const.</u> amend. IV (emphasis added).

[3] As noted above, under <u>Howery</u>, a misstatement is material only if, when excised from the affidavit, "that document no longer contains facts sufficient to establish probable cause." 80 N.J. at 568.

"[w]hether a government official is armed with a criminal warrant or a civil or administrative warrant, 'physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed.'" Hemenway, __ N.J. __ (slip op. at 16) (quoting United States v. U.S. Dist. Court, 407 U.S. 297, 313 (1972)).  We believe this foundational principle would be ill-served if any form of court-authorized search of a home were based on sworn testimony that was deliberately false or that exhibited a reckless disregard for the truth.

III.

We next address whether in this particular instance, defendant has established the basis for a Franks hearing.  Defendant points to inconsistencies between Z.C.'s ex parte telephonic testimony in support of her TRO application and her testimony at the plenary FRO hearing.  Defendant contends, for example, that in her TRO application testimony, Z.C. claimed that defendant had threatened physical violence against her by "balling up his fists."  Defendant argues that her testimony at the FRO plenary hearing contradicted her earlier testimony noting, for example, that she made no mention that defendant had balled up his fists.  After reviewing the record on appeal, we find no basis to disturb Judge Waldman's conclusion that that any discrepancies between Z.C.'s

ex parte TRO application testimony and her subsequent FRO testimony were minor and not sufficient to entitle defendant to a <u>Franks</u> hearing.

We take this opportunity to make clear that testimony in support of a TRO application is not to be deemed false for purposes of <u>Franks</u> analysis merely because an application for an FRO ultimately is denied after a plenary hearing. For one thing, the legal standard for obtaining an FRO—a preponderance of the evidence—is higher than the probable cause standard needed to issue a TRO and PDVA search warrant. Furthermore, an FRO judge at a contested plenary hearing may have the benefit of the defendant's testimony and other evidence. In this instance, as Judge Waldman aptly noted, defendant's plenary hearing testimony cast the predicate act encounter in a new light, showing it to be domestic contretemps rather than domestic violence.

## IV.

Finally, we note that neither party has raised any issue arising from the Supreme Court's recent decision in <u>Hemenway</u>, which was decided after the briefs were filed in this appeal. Neither party has sought leave to file a supplemental brief. Our review of the record indicates that the PDVA search warrant was issued upon a finding of probable cause in accordance with the rule set forth in <u>Hemenway.</u>

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION