**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2578-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SHAREEF J. THOMAS,
a/k/a SHARIF THOMAS,

     Defendant-Appellant.

_____

Submitted October 30, 2019 – Decided November 8, 2019

Before Judges Koblitz and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment Nos. 16-02-0155 and 16-02-0156.

Joseph E. Krakora, Public Defender, attorney for appellant (Stefan Van Jura, Assistant Deputy Public Defender, of counsel and on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Reana Garcia, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Shareef J. Thomas appeals from a January 2, 2018 conviction for possession of a handgun, entered on a plea, after the trial court denied his motion to suppress. We reverse.

The only witnesses to testify at the suppression hearing were Elizabeth police officer Edward Benenati, Jr. and defendant. Benenati testified he and his partner Officer David Haverty were dispatched to the Mravlag Manor Housing Projects the night of October 14, 2015, regarding a fight between "a couple of males and a female near the pool area." An updated call stated the fight was in a third-floor apartment.

Benenati and Haverty were not the first to arrive on the scene. He testified Lieutenant Michael W. Kiley and Detective Luis Garcia were already at the third-floor apartment, interviewing the victim. Haverty began ascending the stairs to the apartment before Benenati. According to Benenati, Haverty was on the stairs between the second and third floor and Benenati was on the second-floor landing when Haverty leaned over the railing and instructed Benenati to stop defendant, who had already descended the stairs past Haverty and was now also on the second-floor landing.

A-2578-17T4

Benenati testified he "was instructed by [Haverty,] who was instructed by [Kiley] on the third floor to stop [defendant]." Benenati stated "I didn't know why at that point, but I knew he was pertinent to our investigation."[1] According to Benenati, Haverty descended the stairs to the second-floor landing and "told [Benenati] that [defendant] was being placed under arrest for domestic violence." After Benenati and Haverty "both together put handcuffs on [defendant]," they searched him and the garbage bags he was carrying and recovered a gun from one of the bags. Defendant moved to suppress the evidence of the warrantless search.

Following the hearing, the motion judge issued a written decision denying defendant's motion. The judge credited Benenati's testimony and stated:

> I find that the police [o]fficer's testimony was credible. In what was described as a somewhat typical domestic violence call, police respond to the scene, interview an alleged victim, observe signs of injury to the victim which the victim claims to be a result of domestic violence and effectuate an arrest of the defendant as they are required to do [pursuant to N.J.S.A. 2C:25-21(a)].
>
> . . . .
>
> I conclude that the arrest pursuant to the Prevention of Domestic Violence Act was appropriate.

---

[1] Benenati testified Haverty did not interview the victim until after defendant was arrested.

A-2578-17T4

Police responded to a call of a domestic dispute. The defendant is seen coming from the direction of an apartment occupied by a person who reports that the defendant had just left her apartment. Police then observe visible signs of injury on the alleged victim and when questioned stated that the defendant punched her.

Having concluded that the arrest was required and therefore lawful, the [c]ourt concludes that the search conducted according to the officer's credible testimony that was limited to his person and the area within his immediate reach, including the bags in his possession was lawful.

Following the denial of his motion, defendant pled guilty to second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); the first two indictments. Pursuant to the plea, the second indictment, charging a second-degree certain persons charge, N.J.S.A. 2C:39-7, was dismissed. Defendant received a three-year prison sentence with one year of parole ineligibility.

Defendant raises the following argument on appeal:

BECAUSE THE STATE FAILED TO DEMONSTRATE THAT THE POLICE HAD PROBABLE CAUSE TO ARREST DEFENDANT BEFORE HE WAS ARRESTED, THE ORDER DENYING SUPPRESSION SHOULD BE REVERSED. U.S. Const. amend IV; N.J. Const. art. I, ¶ 10.

"An appellate court reviewing a motion to suppress evidence in a criminal case must uphold the factual findings underlying the trial court's decision,

A-2578-17T4

provided that those findings are 'supported by sufficient credible evidence in the record.'" State v. Boone, 232 N.J. 417, 425-26 (2017) (quoting State v. Scriven, 226 N.J. 20, 40 (2016)).  We owe no deference, however, to conclusions of law made by trial courts in suppression decisions, which we instead review de novo. State v. Watts, 223 N.J. 503, 516 (2015).

Like its federal counterpart, Article I, Paragraph 7 of the New Jersey Constitution protects against "unreasonable searches and seizures" and generally requires a warrant issued on "probable cause."  N.J. Const. art. I, ¶ 7; see U.S. Const. amend. IV.  "[A] warrantless search is presumptively invalid" unless the State establishes the search falls into "one of the 'few specifically established and well-delineated exceptions to the warrant requirement.'"  State v. Gonzales, 227 N.J. 77, 90 (2016) (citation omitted).

"Under the search incident to arrest exception, the legal seizure of the arrestee automatically justifies the warrantless search of his person and the area within his immediate grasp."  State v. Pena-Flores, 198 N.J. 6, 19 (2009) (citing Chimel v. California, 395 U.S. 752, 762-63 (1969)).  Additionally, whereas federal case law recognizes a good faith exception to the exclusionary rule, New Jersey departs from the federal good faith exception.  Compare Herring v.

, 555 U.S. 135, 138 (2009) with State v. Novembrino, 105 N.J. 95, 158 (1987).

Defendant argues "the State adduced no evidence from which the motion court could conclude that the officers—Benenati, Haverty, or anyone else, for that matter—had probable cause to arrest defendant before arresting him." We agree.

The evidence presented to the motion judge failed to demonstrate probable cause to arrest defendant because Benenati testified he did not know the reason why he was asked to stop defendant. Moreover, Benenati testified he arrested defendant because Haverty told him defendant "was being placed under arrest for domestic violence."

We do not question the State's argument that hearsay information can establish probable cause for an arrest or that probable cause can be obtained from a police investigation or other officers. See Draper v. United States, 358 U.S. 307, 311-13 (1959) and see also United States v. Hensley, 469 U.S. 221, 229-33 (1985). However, on this record, there was no evidence to establish Benenati or Haverty had probable cause to arrest defendant.

Indeed, Benenati testified he was called due to a fight between two males and a female. Benenati did not speak with or receive the information Kiley

6

obtained from the victim, who he was interviewing on the top floor of the building regarding the alleged domestic violence incident. His testimony confirms Haverty did not reach the victim. Haverty, Kiley, and Garcia did not testify. Therefore, the record lacked evidence of the probable cause reasons to arrest defendant. There was no evidence to substantiate the motion judge's finding that defendant's arrest was pursuant to an act of domestic violence with a visibly injured victim.

Reversed. The handgun is suppressed. We vacate defendant's guilty plea and remand for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2578-17T4