**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0520-17T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RODNEY B. PERKINS,

    Defendant-Appellant.

_____

Submitted October 31, 2019 – Decided November 25, 2019

Before Judges Alvarez and Nugent.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 15-06-0458.

Joseph E. Krakora, Public Defender, attorney for appellant (Tamar Yael Lerer, Assistant Deputy Public Defender, of counsel and on the briefs).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Michele C. Buckley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Rodney B. Perkins appeals the trial court's order denying his motion to suppress cocaine, heroin, and other items related to narcotics sales, seized pursuant to a search warrant. After the denial, defendant entered a guilty plea to second-degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5(a)(1), and 2C:35-5(b)(2). He was sentenced June 17, 2016, in accord with the agreement to eight years imprisonment, subject to four years of parole ineligibility. Defendant also contends the sentence was excessive. We affirm.

As described in Plainfield Police Detective Christopher Fortunka's twelve-page detailed affidavit submitted in support of the application for a search warrant, he received intelligence from a reliable confidential informant (CI) that "Black," later identified as defendant, was distributing cocaine from a specified address. The CI also stated that defendant would drive the narcotics to a meeting place with the buyers. Under Fortunka's direction, the CI made two controlled buys. During both, defendant was observed leaving from the specified premises and meeting the CI in his car at a different location. During one transaction, defendant drove a sedan, and during the second, he drove a pickup truck. The officer learned during the investigation that the "current subscriber for utilities" of the specified premises was a woman with whom defendant was in a dating relationship. Based on these and other details,

including the officer's description of his extensive training and experiences over nine years of service, a Law Division judge issued a no-knock warrant authorizing a search of the premises, defendant's person, and two vehicles.

The search warrant defined the area to be searched as "all areas of ingress, access and egress" of the premises. The affidavit stated the detective witnessed defendant placing suspected narcotics in the recycling bin to the rear of the home. Defendant challenged the overall sufficiency of the affidavit, and the search of the recycling bin specifically, at the motion hearing on the same basis as he challenges the search on appeal. The Law Division judge found in his cogent written decision on the motion that the recycling bin:

> was located within the rear yard, not on the curb or street out for collection. Therefore, the bin was in the home and curtilage, making the search of the bin valid. To ask police to secure a separate warrant for a bin located on the property already subject to search would be inefficient and unnecessary.

At the time of sentence, defendant was fifty-two years old. He had been convicted of nine prior indictables dating back to 1989, and sentenced to probation and state prison, in the main for drug offenses. The sentencing judge found aggravating factors three, six, and nine given defendant's "extensive" prior criminal history, and further found mitigating factor eleven based on the hardship his family, like all others of incarcerated persons, would experience

during service of his sentence.  N.J.S.A. 2C:44-1(a)(3), (6), (9); N.J.S.A. 2C:44-1(b)(11).  The judge opined that defendant's sentence was reasonable, and that he would otherwise face "a lot more time."

Now on appeal, defendant raises the following points for our consideration:

> POINT I
> THE AFFIDAVIT IN SUPPORT OF THE SEARCH WARRANT FAILED TO PROVIDE PROBABLE CAUSE TO SEARCH EITHER THE TARGET RESIDENCE OR DEFENDANT'S CAR.
>
> POINT II
> THE MATTER SHOULD BE REMANDED FOR ADDITIONAL FACTUAL FINDINGS AND A NEW DECISION REGARDING SUPPRESSION OF EVIDENCE BECAUSE THE TRIAL COURT DID NOT RESOLVE A CRITICAL FACTUAL QUESTION.

We begin our discussion with principles the Supreme Court recently reiterated regarding search warrants.  The Court said:  "[a] search that is executed pursuant to a warrant is 'presumptively valid,' and a defendant challenging the issuance of that warrant has the burden of proof to establish a lack of probable cause 'or that the search was otherwise unreasonable.'"  State v. Boone, 232 N.J. 417, 427 (2017) (quoting State v. Watts, 223 N.J. 503, 513-14 (2015)).  Furthermore, we "accord substantial deference to the discretionary

determination resulting in the issuance of the warrant." Ibid. (quoting State v. Jones, 179 N.J. 377, 388 (2004)). On review, we consider the totality of the circumstances, and sustain the validity of the search so long as the issuing judge's finding of probable cause relied on adequate facts. Ibid.

In this case, defendant contends, in reliance upon Boone, that the issuing magistrate did not have sufficient probable cause to believe that drugs would be found either at the specified address or in defendant's vehicles. But when under surveillance, defendant on several occasions drove to a meet site to sell drugs, including the CI's two controlled drug buys. The officer said defendant drove in one or the other of his vehicles to "pre-arranged meet locations, where he engaged in hand-to-hand narcotics transactions with waiting individuals," and returned home. As a result of these observations, the officer concluded defendant was engaging in narcotics distribution from the residence. A review of the affidavit convinces that conclusion is warranted. The officer provided sufficient information to establish probable cause to search "within the four corners of the supporting affidavit[.]" State v. Marshall, 199 N.J. 602, 611 (2009) (quoting Schneider v. Simonini, 163 N.J. 336, 363 (2000)).

Defendant challenges the bin as not having been included in the description of the area to be searched in the warrant, and at a minimum, requires

a remand to be established. We disagree. The search warrant affidavit refers to the bin being located in the rear yard. The issue requires a common sense analysis. See State v. Evers, 175 N.J. 355, 385 (2003) ("[T]he proofs in support of a search warrant will continue to be examined in a common-sense and not a hypertechnical manner."). No purpose would have been served in requiring the procurement of a separate warrant for that area, included in the curtilage. The argument that the bin may not have been located within the curtilage is based on speculation, and not on any actual fact in the record. Thus, it was not a material issue requiring a separate hearing. State v. Fuentes, 217 N.J. 57, 70 (2014). We do not substitute our judgment for that of the sentencing court. Ibid. (citing State v. O'Donnell, 117 N.J. 210, 215 (1989)). The court here provided a qualitative analysis of the relevant sentencing factors, finding aggravating and mitigating factors supported by the credible evidence in the record. State v. Dalziel, 182 N.J. 494, 505 (2005). Thus, defendant has not established any reason for us to disturb the sentence. Given defendant's sentencing exposure, as a mandatory extended-term offender, N.J.S.A. 2C:43-6(f), defendant received an eminently reasonable sentence. It does not shock the conscience.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0520-17T3