**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2953-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RANDOLPH PALMER,

    Defendant-Appellant.

_____

Submitted December 17, 2019 – Decided  January 2, 2020

Before Judges Accurso and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. 18-06-0512.

John P. Morris, attorney for appellant.

Gurbir S. Grewal, Attorney General, attorney for respondent (Regina M. Oberholzer, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Following denial of his motions to dismiss the indictment and challenge the motor vehicle stop, defendant Randolph Palmer entered an open guilty plea to fourth-degree operating a motor vehicle during a period of license suspension, N.J.S.A. 2C:40-26(b), charged in a single-count Gloucester County indictment. He also pled guilty to two motor vehicle summonses: driving while his license was suspended, N.J.S.A. 39:3-40, and displaying obscured license plates, N.J.S.A. 39:3-33. Defendant reserved the right to appeal the denial of his motion to dismiss the indictment.[1]

On appeal, defendant challenges the denial of both motions, raising the following points for our consideration:

POINT I

THE GRAND JURY PRESENTATION FOR THIS ONE[-]COUNT INDICTMENT WAS FLAWED AS THIS GRAND JURY WAS NOT ADVISED AS TO WHETHER THE LICENSE SUSPENSION WAS ADMINISTRATIVE OR JUDICIAL IN ORIGIN.

---

[1] Pursuant to Rule 3:5-7, defendant was permitted to challenge on appeal the stop of his motor vehicle. Although the State contends, in part, that the Rule applies only to motions to suppress "physical evidence," a motor vehicle stop is a seizure within the meaning of the United States and New Jersey Constitutions. U.S. Const. amend. IV; N.J. Const. art. I, ¶ 7; see Delaware v. Prouse, 440 U.S. 648, 653 (1979); State v. Dickey, 152 N.J. 468, 475 (1998). We therefore reject the State's procedural objection and consider defendant's contentions on the merits.

THE DEPTFORD POLICE OFFICER'S INTERPRETATION OF N.J.S.A. 39:3-33 WAS NOT AN OBJECTIVELY REASONABLE MISTAKE OF LAW. THIS STATUTE IS NOT AMBIGUOUS, AND, IN ANY EVENT, A REASONABLE MISTAKE OF LAW SHOULD NOT BE COUTENANCED IN THIS STATE'S CONSTITUTIONAL REGIME. IN SHORT, HEIEN V. NORTH CAROLINA[, 574 U.S. 54 (2014)] SHOULD NOT BE BINDING CONSTITUTIONAL LAW IN NEW JERSEY.

We are unpersuaded by these arguments and affirm.

At the grand jury hearing, the State presented the testimony of the arresting officer. A sergeant and eleven-year veteran of the Deptford Police Department, the officer stopped the car defendant was driving at the intersection of Route 55 and Clements Bridge Road because "a clear cover frame . . . was obstructing" the rear license plate. Following the stop, the officer determined defendant was driving with a suspended license. Referencing defendant's driver history abstract, the officer told the grand jury defendant had seven prior convictions for driving while intoxicated and refusal between 1986 and 2015, less than two years before the stop.

The same officer testified at the suppression hearing, detailing his law enforcement background, particularly regarding Title 39 violations, and the reason he stopped defendant's car. The officer was on routine patrol in a marked

vehicle when he noticed defendant's car traveling in the left lane of the two-lane highway. The officer followed the car because – as evidenced by "a bunch of signs" along the roadway – vehicles must keep right except to pass. It was around 2:00 p.m., but the officer could not read the rear license plate due to "a haze, a fog or a glare" caused by a plastic cover affixed to the tag. The license plate was not readable until the officer was "less than a car length" from defendant's car.

Defendant identified himself and told the officer his license was suspended. The officer issued motor vehicle summonses at the scene and later learned the prosecutor's office determined defendant had been suspended for multiple DWI offenses.

Defendant briefly testified on his own behalf, adding nothing more than his son, who was with him when the officer stopped his car, took photographs of defendant's license plates after the officer left. Defendant authenticated those photographs.

Following oral decisions denying both motions, the judge issued a cogent written opinion, expounding on his findings.

Regarding defendant's motion to dismiss, the judge summarized the guiding legal principles and determined the State established a prima facie case

4

that defendant violated N.J.S.A. 2C:40-26(b). Aptly analyzing the elements of the offense, the judge rejected defendant's contention – renewed on appeal – that the State failed to present evidence to the grand jury that defendant's license suspension was court-ordered and not administratively imposed. Citing the grand jury testimony, the judge noted the officer specifically testified that defendant's "driver's license was suspended for a prior [DWI] conviction on August 17th of 2015 . . . [and defendant] had seven previous convictions for DWI."

We review a trial court's decision denying a motion to dismiss an indictment for abuse of discretion. State v. Saavedra, 222 N.J. 39, 55 (2015). "[V]iewed in the light most favorable to the State, we determine whether the trial court abused its discretion when it found that the State presented evidence sufficient to establish a prima facie case on the elements of the relevant offenses . . . ." Id. at 57.

Citing State v. Perry, 439 N.J. Super. 514 (App. Div. 2015), defendant argues on appeal that the State failed to instruct the grand jury and present evidence that defendant was still subject to a judicially-imposed license suspension. Unlike defendant in the present case, the seven defendants in Perry's consolidated cases demonstrated they completed their ordered period of

suspension, but failed to administratively reinstate their licenses, which remained suspended when they were stopped for a new traffic violation. Id. at 519-22. Considering the language of N.J.S.A. 2C:40-26(b), we observed:

> Subsection (b) provides that a driver commits the crime if he drives "during the period of license suspension" while his "license was suspended or revoked for a second or subsequent [DWI or refusal] violation." The Legislature made this section applicable solely to drivers with a license suspension for a second or subsequent DWI or refusal violation.
>
> [Id. at 525 (alteration in original) (citation omitted).]

In so holding, we rejected the State's attempts to more broadly apply the statute to encompass the period of administrative suspension. We concluded the statute criminalizes the operation of a motor vehicle only during the court-ordered period of suspension, not periods in which driving privileges could have been restored but for the defendant's failure to complete the process for administrative restoration. Id. at 531-32.

Importantly, we applied the statutory requirements mandated by the language "during the period of license suspension" in a different context than that raised by defendant; we did not determine the State must advise a grand jury that a defendant "was still subject to a [c]ourt[-]imposed license suspension as opposed to an administrative suspension . . . ." Defendant does not contend the

6

State failed to present exculpatory evidence to the grand jury that his license was administratively suspended. See State v. Hogan, 144 N.J. 216, 239 (1996) (recognizing "only in the exceptional case will a prosecutor's failure to present exculpatory evidence to a grand jury constitute grounds for challenging an indictment"). Nor does he present any authority to support his argument that the State should have informed the grand jurors that his license was suspended by the court. We therefore discern no basis to disturb the motion judge's decision to deny defendant's motion to dismiss the indictment.

Turning to defendant's motion challenging the stop, our review is "highly deferential." State v. Gonzales, 227 N.J. 77, 101 (2016). "An appellate court reviewing a motion to suppress evidence in a criminal case must uphold the factual findings underlying the trial court's decision, provided that those findings are supported by sufficient credible evidence in the record." State v. Boone, 232 N.J. 417, 425-26 (2017) (citation and internal quotation marks omitted). We do so "because those findings are substantially influenced by [an] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." State v. Gamble, 218 N.J. 412, 424-25 (2014) (alteration in original) (citation and internal quotation marks omitted). We owe no deference, however, to conclusions of law made by trial courts in suppression

7

decisions, which we instead review de novo.  State v. Watts, 223 N.J. 503, 516 (2015).

Having had the opportunity to see and hear the testimony of the witnesses and the photographs depicting plastic covers over both license plates, the judge determined "N.J.S.A. 39:3-33 requires that license plates shall not be concealed or otherwise obscured, and N.J.A.C. 13:20-32.4(b) prohibits the use of glass or plastic covers on license plates."  The judge correctly concluded the plastic cover affixed to the license plates on defendant's vehicle gave rise to a "reasonable and articulable suspicion" that a violation of the motor vehicle law had been committed.  State v. Bacome, 228 N.J. 94, 103 (2017) (citation omitted).  Indeed, reasonable suspicion may arise even where a minor traffic offense is committed.  Ibid.; see also State ex rel. D.K., 360 N.J. Super. 49, 52, (App. Div. 2003) (officer properly stopped vehicle with tinted plastic cover on license plate); State v. Murphy, 238 N.J. Super. 546, 554 (App. Div. 1990) (officer properly stopped vehicle with diagonally positioned plate).

In sum, defendant's license plate was obscured by a plastic cover, which prevented the officer from reading the plate in broad daylight.  The officer's eyewitness observation was sufficient to legitimize a traffic stop on that basis.  See Bacome, 228 N.J. at 103.  Defendant's argument that the officer acted

A-2953-18T2

unreasonably is therefore unavailing. Defendant's remaining mistake-of-law argument lacks sufficient merit to warrant discussion in our written opinion, Rule 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2953-18T2