**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0726-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PAUL K. EUSTACHE,

    Defendant-Appellant.

_____

Submitted October 7, 2020 – Decided November 10, 2020

Before Judges Alvarez and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 17-09-0685.

Joseph E. Krakora, Public Defender, attorney for appellant (Daniel Gautieri, Assistant Deputy Public Defender, of counsel and on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Frank Muroski, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Paul K. Eustache appeals his conviction of third-degree unlawful possession of a sawed-off shotgun, N.J.S.A. 2C:39-3(b).[1] Following the denial of his motion to suppress evidence seized in a warrantless search of his vehicle, defendant entered a conditional plea of guilty to the offense. On August 27, 2018, pursuant to the terms of the plea agreement, the judge imposed a prison term of five years with a three-and-a-half years' period of parole ineligibility. See N.J.S.A. 2C:43-6(c). On appeal, defendant argues that the smell of marijuana was a pretext to search his vehicle for other contraband. Having reviewed the record and considering the applicable law, we affirm.

We discern the following facts from the transcript of the suppression hearing. Officer Michael Twerdak has been a patrol officer with the Rahway Police Department for approximately five years. Twerdak attended the police academy where he received training on the odors of both raw and burnt marijuana. Twerdak has also encountered raw marijuana, on approximately 100 occasions, during arrests and while assisting other officers on narcotics buys.

---

[1] Pursuant to the plea agreement, the other charge in the indictment, first-degree unlawful possession of a shotgun without a permit while having a prior enumerated conviction, contrary to N.J.S.A. 2C:39-5(c) and N.J.S.A. 2C:39-5(j), was dismissed at sentencing.

On July 4, 2017, Twerdak was on patrol in a marked police vehicle. At approximately 8:30 p.m., he was dispatched to a row of apartments in response to a call that a white SUV had just pulled into the parking lot and the occupants were causing a disturbance. The police had been summoned to the same address the week before on a report of shots fired. The caller reported that "the driver was a black male with [dreadlocks], and the passenger was also a black male that possibly had a gun in his waistband."

Upon arrival, Twerdak saw a white Acura SUV parked approximately twenty to twenty-five feet directly in front of Apartment No. 2. Both front windows of the vehicle were down, and the sunroof was open. Twerdak observed Taquan Bowden standing outside the vehicle on the driver's side. He was familiar with Bowden as a suspect in a shooting the week before. The officer also observed defendant, Shawntay Gastelo, and Mark Hernandez on the porch of Apartment No. 2. Defendant matched the caller's description of the vehicle's driver. Twerdak was familiar with defendant from prior police encounters, and he had seen defendant driving the subject Acura SUV.

Twerdak watched Bowden walk away from the driver's side of the white SUV, and throw something back in the direction of the front of the vehicle. Bowden was facing towards the front driver's side of the SUV when he tossed

3

the item, after which he headed towards the porch of Apartment No. 2. Twerdak testified that he "was not sure where exactly this item was, if it was in the vehicle or outside of the vehicle."

Twerdak exited his patrol car and ordered all four individuals to the rear of the vehicle to conduct a pat down for weapons, assisted by other officers who arrived on the scene shortly after his arrival. After conducting the pat down[2] and contacting dispatch to check for outstanding warrants, Twerdak detected a strong odor of raw marijuana that he believed was emanating from the interior of the vehicle. Additionally, he observed fireworks in the open trunk area.

Twerdak proceeded to search the SUV beginning in the front passenger area, including the glove box and the console. He continued to the middle row of seats and then to the trunk. Twerdak found a ski mask, a sawed-off shotgun, shotgun shells on the floor of the trunk under a security shade.

Even after Twerdak secured the contraband from the trunk, he still smelled marijuana in the vehicle. He went to the middle row, but on the driver's side to continue the search. Ultimately, he discovered a plastic bag filled with an ounce of marijuana near the front driver's side tire. Twerdak testified that the marijuana was "literally right under the tire, almost touching the tire." He also

---

[2] The pat down revealed no weapons or contraband.

A-0726-18T4

testified that "it was not in plain view . . . it was not easily seen. . . I had initially walked past it."  Bowden, who had an outstanding warrant, and defendant, the owner of the vehicle, were both placed under arrest.

Defendant filed a motion to suppress, and the judge conducted an evidentiary hearing on January 19, 2018.  In his written opinion, the judge found Twerdak credible, as he "expressed no hesitancy in responding when he was unsure of an answer in response to a posed question," and the judge "discerned no animus or embellishment."  The judge opined that "Twerdak had probable cause to search the white Acura SUV upon smelling raw marijuana emanating from the vehicle."  Additionally, the search was precipitated by "unforeseeable and spontaneous circumstances," and consequently he denied defendant's motion.  Defendant then entered the conditional negotiated guilty plea, R. 3:9-3(f), to third-degree unlawful possession of a sawed-off shotgun, and was sentenced accordingly.

On appeal, defendant presents the following point for our consideration:

> POINT I
>
> THE SEARCH OF EUSTACHE'S VEHICLE WAS UNREASONABLE WHERE OFFICER TWERDAK OBSERVED A BAG OF MARIJUANA TOSSED TOWARD THE PARKED VEHICLE AS A PRETEXT TO SEARCH THE VEHICLE FOR WEAPONS BASED ON THE ODOR OF MARIJUANA WHEN

NO EFFORT WAS MADE TO RETRIEVE THE BAG
PRIOR TO THE SEARCH.

Our review of the trial court's decision on a motion to suppress is limited. State v. Robinson, 200 N.J. 1, 15 (2009). "An appellate court reviewing a motion to suppress evidence in a criminal case must uphold the factual findings underlying the trial court's decision, provided that those findings are 'supported by sufficient credible evidence in the record.'" State v. Boone, 232 N.J. 417, 425-26 (2017) (quoting State v. Scriven, 226 N.J. 20, 40 (2016)). We do so "because those findings 'are substantially influenced by [an] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy.'" State v. Gamble, 218 N.J. 412, 424-25 (2014) (alteration in original) (quoting State v. Johnson, 42 N.J. 146, 161 (1964)). "The governing principle, then, is that '[a] trial court's findings should be disturbed only if they are so clearly mistaken that the interests of justice demand intervention and correction.'" Robinson, 200 N.J. at 15 (alteration in original) (quoting State v. Elders, 192 N.J. 224, 244 (2007)). "We owe no deference, however, to conclusions of law made by trial courts in deciding suppression motions, which we instead review de novo." State v. Brown, 456 N.J. Super. 352, 358-59 (App. Div. 2018) (citing State v. Watts, 223 N.J. 503, 516 (2015)).

A-0726-18T4

Defendant's principal argument, both on appeal and at oral argument below, is that Twerdak used the odor of marijuana as a pretext to search the vehicle for a gun. Defendant argues that "police should have investigated the apparent source of the marijuana, which was outside the vehicle, not ignored it until after a search of the Acura had revealed the gun . . ." We disagree.

Preliminarily, "the proper inquiry for determining the constitutionality of a search and seizure is whether the conduct of the law enforcement officer who undertook the search was objectively reasonable, without regard to his or her underlying motives or intent." State v. Kennedy, 247 N.J. Super. 21, 27 (App. Div. 1991). "The fact that the officer does not have the state of mind hypothesized by the reasons which provide the legal justification for the search and seizure does not invalidate the action taken, so long as the circumstances, viewed objectively, support the police conduct." Id. at 28 (citing State v. Bruzzese, 94 N.J. 210, 220 (1983)).

The exception invoked in this case to justify the warrantless search is the automobile exception. Officers may conduct a warrantless, nonconsensual search during a lawful roadside stop "in situations where: (1) the police have probable cause to believe the vehicle contains evidence of a criminal offense; and (2) the circumstances giving rise to probable cause are unforeseeable and

spontaneous." State v. Rodriguez, 459 N.J. Super. 13, 22 (App. Div. 2019) (citing State v. Witt, 223 N.J. 409, 447-48 (2015)).[3] "New Jersey courts have [long] recognized that the smell of marijuana itself constitutes probable cause that a criminal offense ha[s] been committed and that additional contraband might be present." State v. Walker, 213 N.J. 281, 290 (2013) (internal quotation marks omitted) (quoting State v. Nishina, 175 N.J. 502, 516-17 (2003)); see also State v. Myers, 442 N.J. Super. 287, 297 (App. Div. 2015) ("the smell of marijuana itself can suffice to furnish probable cause that a criminal offense has been committed").

Applying these principles to the case at bar, we conclude that the judge's factual findings are amply supported by the record and his legal conclusions are sound. See Elders, 192 N.J. at 244. In that regard, the judge found Twerdak's testimony that he smelled a strong odor of raw marijuana emanating from the interior of the vehicle to be credible. We agree with the judge that Twerdak's

---

[3] "This exception applies to situations involving parked and unoccupied vehicles encountered by police in public parking lots or on city streets as well as to moving vehicles stopped on the open highway." State v. Martin, 87 N.J. 561, 567 (1981).

detection of a strong odor of marijuana from the vehicle's interior gave rise to probable cause to search the vehicle.[4] See Myers, 442 N.J. Super. at 297.

Defendant contends that "police should have investigated the apparent source of the marijuana, which was outside the vehicle, not ignored it until after a search of the Acura had revealed the gun . . . " We reject this argument as it is without merit. There is nothing in the record to suggest Twerdak "ignored" the marijuana. To the contrary, the officer testified that he "was not sure where exactly this item was, if it was in the vehicle or outside of the vehicle." Moreover, Twerdak stated that the marijuana was located "literally right under the tire, almost touching the tire." He testified that "it was not in plain view . . . it was not easily seen. . . I had initially walked past it." As the trial court aptly observed, the role of the judiciary is not to dictate or instruct police officers as to the specific manner or precise procedure for conducting searches, but to ensure that individuals are protected from unreasonable searches and seizures. U.S. Const. amend. IV; N.J. Const. art. I, ¶ 7.

---

[4] The State also argues that Twerdak's observation of fireworks in the trunk, provides an alternative justification for the search of the vehicle. We need not address this argument as the detection of a strong odor of marijuana emanating from inside the vehicle undoubtedly gave the officer probable cause to believe it contained evidence of a criminal offense. See Walker, 213 N.J. at 290.

A-0726-18T4

We are also satisfied that the circumstances that gave rise to probable cause were objectively unforeseeable and unanticipated. "[T]he exigent circumstances that justify the invocation of the automobile exception are the unforeseeability and spontaneity of the circumstances giving rise to probable cause[.]" State v. Alston, 88 N.J. 211, 233 (1981) (citing Chambers v. Maroney, 399 U.S. 42, 50-51 (1970)). An important consideration is whether the exigency arose in a fluid, ongoing investigation that precluded an attempt to obtain a warrant. See State v. Hutchins, 116 N.J. 457, 470-71 (1989).

Here, the officer initially responded to a dispatch call that a white SUV had just pulled into the parking lot, the occupants were causing a disturbance, and that "the driver was a black male with [dreadlocks], and the passenger was also a black male that possibly had a gun in his waistband." In the course of his investigation of the report, the officer detected the odor of raw marijuana that he believed was emanating from the interior of the vehicle. We agree with the motion judge that the circumstances that gave rise to probable cause in this case were fluid, spontaneous, and unforeseeable. Therefore, the search of the vehicle was lawful under the automobile exception.

To the extent we have not specifically addressed any of defendant's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0726-18T4