**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0652-20

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

NAZIER D. GOLDSMITH,

    Defendant-Respondent.

_____

Argued March 1, 2021 – Decided March 18, 2021

Before Judges Fasciale and Mayer.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 19-10-2563.

Rachel M. Lamb, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for appellant (Jill S. Mayer, Acting Camden County Prosecutor, attorney; Rachel M. Lamb, of counsel and on the briefs).

Ashley T. Brooks, Assistant Deputy Public Defender, argued the cause for respondent (Joseph E. Krakora, Public Defender, attorney; Marcia H. Blum, Assistant

Deputy Public Defender, of counsel and on the brief;
Ashley T. Brooks, on the brief).

PER CURIAM

By leave granted, the State appeals from a September 25, 2020 order granting a motion to suppress drugs, cash, a handgun, and ammunition seized from defendant Nazier D. Goldsmith by Camden County Sheriff's officers.[1] We reverse.

The facts are taken from a September 23, 2020 evidentiary hearing and the motion judge's September 25, 2020 written memorandum of decision.

On January 15, 2019, Officer Joseph Goonan, a twenty-year veteran of the Camden County Sheriff's Department, and his partner were on routine patrol in a high crime neighborhood in the City of Camden. The neighborhood was known for shootings and drugs. From his patrol car, Officer Goonan saw defendant emerge from a walkway adjacent to an abandoned house and proceed to walk toward two men. In the officer's experience, local drug dealers "stash[ed]" their drugs in the area, and Officer Goonan believed defendant was

---

[1] The judge stayed the order to allow the State to seek interlocutory review. On November 5, 2020, we granted the State's motion for leave to appeal from the suppression order.

A-0652-20

engaged in a drug transaction. The two unidentified men walked away from defendant when they saw the officers.

The officers exited their car and approached defendant. According to Officer Goonan, defendant appeared nervous and looked furtively from side-to-side and up-and-down the street. Goonan testified defendant's hands were shaking and, despite it being an evening in early January, defendant was sweating profusely.

In accordance with his police training and experience, Officer Goonan suspected defendant was selling drugs and asked defendant if he had identification. The officer did not want defendant reaching into his own pocket to retrieve the identification based on defendant's body language and the officer's awareness that weapons were commonly found in the area. Defendant responded the identification could be found in his upper jacket pocket. Officer Goonan told defendant he would retrieve the identification. As the officer reached for the identification, defendant said, "I'd appreciate if you guys didn't pat me down."

Based on the totality of the circumstances -- the nature of the area as a known "drug stash," the presence of weapons in known high crime areas, defendant's body language and furtive behaviors, and defendant's statement

A-0652-20

regarding a pat down -- Officer Goonan "became concerned for his safety and conducted a pat down frisk of defendant." The judge deemed Officer Goonan's testimony credible, particularly the officer's concern for his safety in explaining why the officer insisted on retrieving defendant's identification.

In conducting the pat down, Officer Goonan felt what he "believed to be a handgun in the lower pocket of [defendant's] jacket." Officer Goonan found a handgun in defendant's jacket "with ammunition in the magazine." Defendant was handcuffed and searched. The search of defendant's person revealed "$740 in United States currency and one vial containing suspected CDS." In searching the walkway area, the officers found "twenty-one vials of suspected CDS."[2]

A grand jury returned an indictment against defendant, charging him with second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)(1); fourth-degree possession of a weapon, N.J.S.A. 2C:39-3(j); and third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(1).

Prior to trial, defendant sought to bar the physical evidence seized by the officers. Officer Goonan was the only witness to testify during the evidentiary hearing conducted on September 23, 2020. After reviewing the officer's

---

[2] The color of the vial found on defendant's person matched the color of the vials discovered in the walkway.

A-0652-20

testimony, the judge found the officers' initial stop of defendant to be lawful. However, the judge determined the State failed to establish reasonable suspicion in support of frisking defendant because there was "no objective basis to believe defendant was armed."

The judge explained the officer "did not observe an unexplained bulge in defendant's clothing that might have been a weapon" and did not see defendant make any "threatening or suspicious movement[s] such as reaching to his waistband or pocket." Nor did the judge determine defendant's "nervous reaction . . . constitute[d] reasonable suspicion that defendant was armed and dangerous." The judge stated, "[T]he fact that defendant asserted his right to be free from a frisk does not create the basis to believe defendant possessed a weapon." Citing State v. Thomas, 110 N.J. 673, 683-85 (1988), the judge found "the facts that support a lawful stop do not always support a lawful frisk." As a result, the judge held "Officer Goonan violated the constitutional proscription against warrantless searches" and suppressed all physical evidence seized from defendant on the night of his arrest.

On appeal, the State argues "the trial judge erred in finding that there was no justification for frisking defendant . . . ." In addition, the State contends the judge "misapplied the investigatory frisk standard" because the State "presented

sufficient evidence of reasonable suspicion to frisk defendant during a lawful investigatory stop." We agree.

"An appellate court reviewing a motion to suppress evidence in a criminal case must uphold the factual findings underlying the trial court's decision, provided that those findings are 'supported by sufficient credible evidence in the record.'" State v. Boone, 232 N.J. 417, 425-26 (2017) (quoting State v. Scriven, 226 N.J. 20, 40 (2016)). "We owe no deference, however, to conclusions of law made by trial courts in deciding suppression motions, which we instead review de novo." State v. Brown, 456 N.J. Super. 352, 358-59 (App. Div. 2018) (citing State v. Watts, 223 N.J. 503, 516 (2015)).

A protective search, also known as a Terry[3] frisk or pat down, is an exception to the requirement that an officer obtain a search warrant. When there is a lawful stop and the officer believes the suspect is armed and dangerous, the officer may, without a warrant, "take necessary measures to determine whether the person is in fact carrying a weapon and to neutralize the threat of physical harm." State v. Roach, 172 N.J. 19, 27 (2002) (quoting Terry, 392 U.S. at 26-27). "When a police officer forms a reasonable and articulable suspicion to justify an investigatory stop, the officer may also conduct a [pat[] down] or frisk

_____

[3] Terry v. Ohio, 392 U.S. 1 (1968).

A-0652-20

of the outer clothing of such persons in an attempt to discover weapons." State v. Gamble, 218 N.J. 412, 430 (2014) (citing Terry, 392 U.S. at 30-31). The intention behind "this limited search is not to discover evidence of crime, but to allow the officer to pursue his [or her] investigation without fear of violence." State v. Thomas, 110 N.J. 673, 683 (1988) (quoting Adams v. Williams, 407 U.S. 143, 146 (1972)). A protective "search must 'be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer.'" State v. Privott, 203 N.J. 16, 25 (2010) (quoting Terry, 392 U.S. at 29). An officer may conduct a protective search when, based on the "totality of the circumstances," he or she possesses "a 'specific and particularized basis for an *objectively* reasonable suspicion that defendant was armed and dangerous.'" Roach, 172 N.J. at 27 (quoting Thomas, 110 N.J. at 638).

Here, under the totality of the circumstances, the State met its burden of demonstrating the pat down of defendant was justified. Officer Goonan testified the section of Camden where defendant was arrested was a high crime area, known for drugs, weapons, and shootings. In addition, the officer believed he witnessed a drug sale between defendant and the two unidentified men who quickly left the area. Courts "have recognized that to 'substantial dealers in

A-0652-20

narcotics[,]' firearms are as much 'tools of the trade' as are most commonly recognized articles of narcotics paraphernalia." United States v. Oates, 560 F.2d 45, 62 (2d Cir. 1977) (quoting United States v. Weiner, 534 F.2d 15, 18 (2d Cir. 1976)).

Officer Goonan used his knowledge, training, and experience regarding drug transactions, coupled with his observation of defendant's behavior and body language, to suspect defendant had a weapon and concluded his safety and that of his partner was in jeopardy. Thus, Officer Goonan's decision to conduct a protective search of defendant for a weapon was objectively reasonable. See State v. Valentine, 134 N.J. 536, 547 (1994) ("Terry itself acknowledges that police officers must be permitted to use their knowledge and experience in deciding whether to frisk a suspect."). Under these circumstances, the frisk of defendant was permissible, and the judge erred in granting the motion to suppress the physical evidence seized as a result of Officer Goonan's protective search of defendant.

Reversed. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0652-20