**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4096-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JUAN A. REYES,

    Defendant-Appellant.

_____

Submitted September 30, 2021 – Decided November 17, 2021

Before Judges Alvarez and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 18-06-0965.

Joseph E. Krakora, Public Defender, attorney for appellant (Stefan Van Jura, Assistant Deputy Public Defender, of counsel and on the brief).

Cary Shill, Acting Atlantic County Prosecutor, attorney for respondent (Debra B. Albuquerque, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Juan A. Reyes entered a guilty plea to second-degree unlawful possession of cocaine in a quantity of half an ounce or more with intent to distribute, N.J.S.A. 2C:35-5(b)(2); third-degree possession with intent to distribute methamphetamine, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(9); and second-degree distribution of cocaine in a quantity of half an ounce or more, N.J.S.A. 2C:35-5(b)(2). The plea was entered after the Law Division judge denied defendant's motion to suppress evidence seized while executing a search warrant. On March 6, 2020, the judge sentenced defendant to the negotiated concurrent terms of imprisonment:[1] eight years subject to five years of parole ineligibility on the drug possession, eight years on the drug distribution, and five years on the third-degree crime. We affirm the judge's denial of the suppression motion, but vacate the sentence and remand for a new proceeding because parole ineligibility was an unauthorized disposition. See N.J.S.A. 2C:43-2.

The affidavit supporting the search warrant application recited that the affiant, an Atlantic County Prosecutor's Office detective, arranged two separate controlled buys from defendant, on January 21, 2018, and "during the week of March 18, 2018." On both occasions, standard protocol was followed—the

_____

[1] Defendant was also sentenced to a concurrent term on a violation of probation sentence; that offense is not relevant as defendant has not appealed that aspect of the judgment.

confidential informant was searched beforehand to ensure he had no contraband or cash on his person, he was given cash for the purchase, and a meeting place was fixed for him to deliver the drugs to police after the sale. The first transaction occurred at a predetermined location arranged by defendant; the second occurred at his home. The detective described the substances as looking like crack cocaine, and the packaging as that typically used for the drug, but he did not conduct any field testing.

The affidavit recited defendant's extensive prior criminal history, as well as a detailed description of the detective's prior training and experience. The detective did not detail law enforcement's prior involvement with the confidential informant.

The warrant was executed days later on March 27, 2020. Officers seized both cocaine and methamphetamines from defendant's home.

At sentencing, the judge found aggravating factors three, six, and nine, and no mitigating factors. N.J.S.A. 2C:44-1(a)(3), (6), (9); N.J.S.A. 2C:44-1(b). The judge failed to explain why defendant's parole ineligibility exceeded one-half of his base term at either the plea or sentencing hearings.

Now on appeal, defendant raises the following issues for our consideration:

A-4096-19

<u>POINT I</u>

THE CONTRABAND FOUND IN THE HOUSE SHOULD BE SUPPRESSED BECAUSE THE WARRANT DID NOT ESTABLISH PROBABLE CAUSE TO BELIEVE THE HOUSE WOULD CONTAIN DRUGS FOR TWO REASONS: 1) TOO MUCH TIME HAD PASSED BETWEEN THE CONTROLLED BUY AND THE EXECUTION OF THE WARRANT; AND 2) THE POLICE FAILED TO CONDUCT ANY TESTING OF THE ALLEGED DRUGS TO DETERMINE THAT THEY WERE, IN FACT, DRUGS.

<u>POINT II</u>

THE MATTER MUST BE REMANDED FOR RESENTENCING BECAUSE THERE WAS NO LAWFUL BASIS FOR THE IMPOSITION OF A FIVE-YEAR PERIOD OF PAROLE INELIGIBILITY.

I.

Defendant challenges the warrant on two grounds: first, the purported "untimeliness" of its execution; and second, the failure to test the substances purchased during the controlled buys. These arguments lack merit.

When reviewing a motion to suppress evidence, we uphold the trial court's factual findings, provided they are "supported by sufficient credible evidence in the record." <u>State v. Boone</u>, 232 N.J. 417, 426 (2017) (citing <u>State v. Scriven</u>, 226 N.J. 20, 40 (2016)). We overturn the decision only when the interests of

A-4096-19

justice demand.  Ibid. (citing State v. Elders, 192 N.J. 224, 244 (2007)). Conclusions of law are always subject to de novo review.  Ibid.

The lynchpin for a valid search warrant is a supporting affidavit reciting adequate probable cause to conclude a crime has been committed or is being committed at the place to be searched.  Ibid.  Warrant-backed searches are presumptively valid.  Id. at 427.  The defendant bears the burden of establishing lack of probable cause or the unreasonableness of the search.  Ibid.

We "accord substantial deference to the discretionary determination resulting in the issuance of the [search] warrant."  Ibid. (citing State v. Jones, 179 N.J. 377, 388 (2004)).  In this case, the totality of the circumstances clearly warranted the issuing judge's finding of probable cause.  See ibid.

The brief delay between the second controlled buy and the issuance of the warrant is inconsequential because the two transactions were arranged.  Given the officer's considerable experience, defendant's lengthy criminal history, and the arranged nature of the buys, probable cause did not evanesce after just a few days.

The failure to chemically analyze the drugs was also of no moment because the highly experienced detective provided a detailed description of the substances.  Certainly, defendant may have sold imitation CDS—itself

contraband—but that is pure speculation. The officer established ample probable cause.

## II.

Defendant contends his sentence violates N.J.S.A. 2C:43-6(b) because parole ineligibility is lawful only when aggravating factors substantially outweigh mitigating factors, not when aggravating factors merely preponderate, as the sentencing judge found. Additionally, defendant contends that N.J.S.A. 2C:43-6(b) prohibits imposing a parole ineligibility term exceeding one-half of the overall sentence.

We agree with both points. Where aggravating factors only preponderate, and do not substantially outweigh mitigating factors, a longer term within the statutory range may be imposed, but not a period of parole ineligibility. See N.J.S.A. 2C:43-6(b); State v. Case, 220 N.J. 49, 65-66 (2014).

An illegal sentence is one not authorized by our Code of Criminal Justice.[2] See State v. R.K., 463 N.J. Super. 386, 494 (App. Div. 2020). Such a sentence

___

[2]  The State's brief posits that defendant's prior history regarding weapons possession may have justified a Graves Act, N.J.S.A. 2C:43-7(c), sentence requiring a five-year term of parole ineligibility. No mention is made anywhere in the record available to us, from the plea allocution, plea form itself, or the sentencing hearing, of anything related to Graves Act sentencing. Furthermore, none of the offenses to which defendant entered a guilty plea involved weapons possession.

may be corrected at any time. Ibid. We are unaware of any statutory provision that would have allowed the term of parole ineligibility to exceed half of the base term; no such provision was discussed on the record. See N.J.S.A. 2C:43-6(b). Certainly, a plea agreement between the State and defendant cannot render an illegal sentence legal. Thus, we vacate the sentence and remand for the judge to impose a lawful term of parole ineligibility.

Affirmed in part; reversed in part and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4096-19