**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0783-17T2

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

KENNETH JAMES,

     Defendant-Respondent.

_____

Submitted December 19, 2018 – Decided March 19, 2019

Before Judges Vernoia and Moynihan.

On appeal from Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 15-02-0121.

Joseph E. Krakora, Public Defender, attorney for appellant (Marcia H. Blum, Assistant Deputy Public Defender, of counsel and on the brief).

Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Paul H. Heinzel, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kenneth James appeals from the trial court's order denying his motion to suppress evidence – drugs and guns – seized from his home pursuant to a search warrant. He advances a single argument on appeal:

> BECAUSE THE AFFIDAVIT IN SUPPORT OF THE SEARCH WARRANT WAS NOT BASED ON PROBABLE CAUSE TO BELIEVE THAT MARIJUANA, OR ANY CONTRABAND, WOULD BE FOUND IN DEFENDANT'S HOME THE SEARCH OF DEFENDANT'S HOME WAS UNCONSTITUTIONAL, AND THE EVIDENCE SEIZED MUST BE SUPPRESSED.[1]

Contrary to defendant's argument, the search warrant connected defendant's sale of marijuana to his home. Accordingly, we affirm.

Our review is governed by the well-established principles restated by our Supreme Court in State v. Boone:

> A search executed pursuant to a warrant is "presumptively valid," and a defendant challenging the issuance of that warrant has the burden of proof to establish a lack of probable cause "or that the search was otherwise unreasonable." State v. Watts, 223 N.J. 503, 513-14 (2015). Reviewing courts "accord substantial deference to the discretionary determination resulting in the issuance of the [search] warrant." State v. Jones, 179 N.J. 377, 388 (2004). Courts consider the "totality of the circumstances" and should sustain the

---

[1] Although defendant's criminal case information statement mentions that his sentence was excessive, that issue was not briefed. As such, we will not consider that issue. State v. Amboy Nat'l Bank, 447 N.J. Super. 142, 148 n.1 (App. Div. 2016).

2

validity of a search only if the finding of probable cause relies on adequate facts. Id. at 388-89. "[T]he probable cause determination must be . . . based on the information contained within the four corners of the supporting affidavit, as supplemented by sworn testimony before the issuing judge that is recorded contemporaneously." State v. Marshall, 199 N.J. 602, 611 (2009).

[232 N.J. 417, 427 (2017) (alterations in original).]

Here, the sworn testimony of the affiant, presented to the issuing judge by an experienced investigator attached to the Somerset County Prosecutor's Office Organized Crime and Narcotics Task Force, described two identical police-arranged drug sales by defendant to a confidential informant:

> I met with the . . . confidential informant, at [a] prearranged location, . . . searched the confidential informant for any contraband U.S. currency and CDS . . . with negative results, . . . monitored the confidential informant . . . as they traveled directly to the area of 267 Lenox Place. . . . I watched the gentleman who I previously identified as Kenneth James, exit the residence, enter into a vehicle . . . the gray Acura . . . leave the location and meet with a confidential informant in a close proximity. . . . [A]fterward . . . I've again still on this under strict surveillance I met with the confidential informant who was again searched . . . finding only the marijuana that . . . they stated was acquired from Mr. Kenneth James.

Unlike the affidavit presented to the issuing judge in Boone, which did not specify how the police knew that defendant lived in the apartment unit that

was searched, id. at 422, the investigator here testified: he watched defendant exit from his home and drive to a location "in close proximity" to meet with the informant; the informant was surveilled "directly to the area of" defendant's home; and the informant met with the investigator and turned over marijuana which the informant said was purchased from defendant. The investigator also recounted how the informant was searched for currency and drugs, both prior to proceeding to the meet-location with defendant and upon meeting with the investigator after the drug-sale was completed.

We utilize the familiar probable cause definition: "less than legal evidence necessary to convict though more than mere naked suspicion," State v. Sullivan, 169 N.J. 204, 210-11 (2001) (quoting State v. Mark, 46 N.J. 262, 271 (1966)), and recognize its characterization "as a common-sense, practical standard for determining the validity of a search warrant," State v. Novembrino, 105 N.J. 95, 120 (1987). Appraising the totality of the circumstances, see id. at 122 (adopting the totality-of-the-circumstances test established by the United States Supreme Court in Illinois v. Gates, 462 U.S. 213, 230-32 (1983)), we determine that corroborative information twice linked the sale of marijuana by defendant to his home so as to establish probable cause that marijuana would be found there, see State v. Jones, 179 N.J. 377, 388 (2004) (holding that the

warrant application must establish "that there is probable cause to believe that a crime has been committed, or is being committed, at a specific location or that evidence of a crime is at the place sought to be searched" (quoting Sullivan, 169 N.J. at 210)).

The proximity of defendant's home to the location to which both the informant and defendant traveled to complete both sales of marijuana, coupled with the investigator's observations of defendant leaving his home after the sale had been arranged, makes it probable that the drugs were stored at defendant's home or in the vehicle in which he drove to the meetings,[2] thus supporting the issuing judge's finding of probable cause to search the home. State v. Evers, 175 N.J. 355, 385 (2003) ("[T]he proofs in support of a search warrant will continue to be examined in a common-sense and not a hypertechnical manner.").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] Defendant argues only that the affidavit did not establish probable cause to search his home. He does not challenge that the affidavit established probable cause for the search of the vehicle in which he drove to the meeting or his person.

A-0783-17T2