# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0812-18T2

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

JEAN M. ANTOINE,

     Defendant-Respondent.

_____

Submitted March 7, 2019 – Decided April 30, 2019

Before Judges Simonelli and Whipple.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 17-11-0812.

Michael A. Monahan, Acting Union County Prosecutor, attorney for appellant (Michele C. Buckley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

John O. Paragano, attorney for respondent.

PER CURIAM

By leave granted, the State appeals from the August 21, 2018 grant of defendant Jean Antoine's motion to suppress evidence seized from his apartment pursuant to a search warrant. Following a hearing, Judge Lisa Miralles Walsh, J.S.C., issued a written opinion concluding the search warrant for defendant's home was not supported by probable cause. We affirm for the reasons stated in the judge's thorough, well-reasoned opinion.

On appeal, the State raises the following point:

> POINT I
>
> THE TRIAL COURT ERRED BY SUPPRESSING EVIDENCE SEIZED PURSUANT TO A VALID SEARCH WARRANT ISSUED UPON PROBABLE CAUSE, THEREBY IMPROPERLY REVERSING THE JUDGMENT OF ANOTHER SUPERIOR COURT JUDGE.

The State argues it was improper for Judge Walsh to reverse the probable cause determination of the judge who initially issued the search warrant. We disagree. The trial judge's review, including a full hearing and cross-examination, is essential "to ensure that the magistrate had a substantial basis for . . . conclud[ing] that probable cause existed." State v. Sullivan, 169 N.J. 204, 212 (2001) (alteration in original) (quoting Illinois v. Gates, 462 U.S. 213, 238-39 (1983)).

A-0812-18T2

Our review of a trial court's decision on a motion to suppress is limited. State v. Robinson, 200 N.J. 1, 15 (2009). As our Supreme Court has held:

> Appellate review of a motion judge's factual findings in a suppression hearing is highly deferential. We are obliged to uphold the motion judge's factual findings so long as sufficient credible evidence in the record supports those findings. Those factual findings are entitled to deference because the motion judge, unlike an appellate court, has the "opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy."
>
> [State v. Gonzales, 227 N.J. 77, 101 (2016) (citations omitted).]

We will "reverse only when the trial court's determination is so clearly mistaken that the interests of justice demand intervention and correction." State v. Gamble, 218 N.J. 412, 425 (2014) (quotation omitted). However, we owe no deference to the trial court's legal conclusions or interpretations of the legal consequences flowing from established facts, and review questions of law de novo. State v. Watts, 223 N.J 503, 516 (2015).

After reviewing the full record, we agree the State's search warrant application offered no connection between defendant's drug dealing and his apartment. The police did not observe defendant engage in hand-to-hand transactions near his apartment, conduct a controlled buy, or have information to indicate defendant dealt or stored a controlled dangerous substance (CDS) in

his apartment.  See State v. Boone, 232 N.J. 417, 429-30 (2017) (probable cause to search the defendant's apartment did not exist based only on the police's observation of hand-to-hand transactions and a suspicion the defendant's car contained CDS).  Thus, we discern no reason to reverse.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0812-18T2