**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3767-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

EDWARD C. MATHEWS,
a/k/a CAGNEY MATHEWS,
EDWARD C. MATTHEWS,
and CAGNEY MATTHEWS,

    Defendant-Appellant.

_____

Submitted January 12, 2026 – Decided February 9, 2026

Before Judges Sabatino and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 22-01-0209.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Stefan Van Jura, Assistant Deputy Public Defender, of counsel and on the brief).

LaChia L. Bradshaw, Burlington County Prosecutor, attorney for respondent (Nicole Handy, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Edward C. Mathews appeals from a January 3, 2024 conviction, entered pursuant to a plea agreement, sentencing him to eight years' incarceration with a four-year period of parole ineligibility for four counts of bias intimidation, N.J.S.A. 2C:16-1(a)(1), and one count of possession of a controlled dangerous substance ("CDS") with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(4). He also appeals from a prior August 1, 2023 order denying his motion to suppress evidence seized during the execution of a search warrant. Defendant challenges the basis for the Temporary Extreme Risk Protection Order ("TERPO"), arguing the issuing court was not presented with a sufficient basis to establish good cause to believe that he possessed firearms or ammunition and that he thus posed an immediate danger to himself or others under N.J.S.A. 2C:58-23(e), and the TERPO was not valid because it was issued by a municipal court judge who had previously represented him. He further argues the subsequent search warrant was similarly flawed as it was obtained by law enforcement following the illegal entry into his apartment pursuant to the TERPO. We affirm.

I.

Mount Laurel police responded to two separate calls from defendant's neighbors on July 2, 2021, following complaints that defendant was shouting racial epithets, voicing offensive statements, and threatening one of his neighbors ("the victim"). The victim reported to police that defendant was harassing her and that she had contacted police earlier that day to report damage to her car which she suspected the defendant had done. The victim also reported that her car had apparently been damaged by BB-gun-type projectiles, which were later determined to be ball bearings.

Three days later, during the investigation, police were advised by another neighbor that defendant had made the following remarks about a neighbor's damaged car: "Cookie's window got shot out with a shotgun, two twenty two's to the front in Cherry Hill, their f[****] daughter got smashed. Is that what you want?" Defendant was also heard saying, "but I was at work then."

On July 6, 2021, based on the information developed during the ongoing investigation, Detective Luis Amaro filed a petition for a TERPO, which included his belief that defendant "posed an immediate and present danger of causing bodily injury to self or others by owning, possessing, purchasing or receiving firearms and/or ammunition." In his certification, Amaro further recounted defendant's criminal history, including a 1995 robbery and aggravated

assault charges against law enforcement, various CDS charges evidencing a history of drug and alcohol abuse, a 2005 guilty plea to a certain persons not to have weapons offense, and the threats against his neighbors that precipitated the investigation, and defendant's statements regarding the shooting out of his neighbor's vehicle windows.

A municipal judge granted the TERPO the same day in an ex parte proceeding, authorizing police to search defendant's residence for a BB gun.[1] Pursuant to the TERPO, Mount Laurel Police executed a search of defendant's home on July 7, 2021. During the search, police located a slingshot and a bag containing metal pellets in a clear plastic tub. Inside two luggage bags located in a closet under the stairs, the police also found "numerous clear plastic bags containing suspected psilocybin mushrooms and packaging materials" in an unrelated bag outside the scope of the original intent of the search.

The police next obtained a second search warrant specifically authorizing the search and seizure of suspected controlled dangerous substances ("CDS"). Another municipal judge approved the second search warrant after reviewing

---

[1] The TERPO hearing was not recorded or transcribed.

A-3767-23

the updated application. This authorized search resulted in the recovery of mushrooms along with plastic bags and potential packaging materials.

Based on the evidence obtained through these searches, defendant was charged with the following: fourth-degree bias intimidation, N.J.S.A. 2C:16-1(a)(1); fourth-degree stalking, N.J.S.A. 2C:12-10(b); third-degree possession of CDS, N.J.S.A. 2C:35-10(a)(1) (count six); second-degree possession of a CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(4); fourth-degree criminal mischief, N.J.S.A. 2C:17-3(a)(1); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); third-degree possession of an unlawful weapon, N.J.S.A. 2C:39-4(d); and fourth-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(a).

A grand jury returned an indictment against defendant on January 28, 2022, charging him with the offenses described above. Following the indictment, defendant moved to suppress all evidence seized from his residence, arguing the TERPO and search warrant were issued without probable cause and in violation of statutory and constitutional protections. Additionally, defendant challenged the process and neutrality of the issuing magistrate, asserting "that the municipal judge was not a neutral and detached magistrate" because he had previously represented defendant as a public defender nearly twenty years

earlier, and therefore should have recused himself from issuing the TERPO and search warrant.[2] The State does not dispute defendant's contentions regarding the municipal judge's prior 2009 or 2016 proceedings involving defendant.

On July 6, 2023, Judge Gerard H. Breland conducted a suppression hearing. At the hearing, defendant argued the main reason evidence seized under the warrant should be suppressed is because the municipal judge who issued it was his former public defender. Defendant further argued, without support, that the municipal judge had performed a conflicts check himself at the time of the complaint warrant and determined he could not "sign off on the complaint warrants because [he was] conflicted out," so another judge issued a complaint summons.[3]

Judge Breland determined that the municipal judge "should have recused himself" based on the prior attorney-client relationship, but concluded that

---

[2] Defendant certified that the municipal judge represented him in municipal court in his former capacity as a public defender in the fall of 2004. Defendant further certified that in 2009, he appeared before the municipal judge on a municipal matter which the judge "disposed of" and then remembered who [he] was afterward and stated he should have recused himself. He also alleged that in 2016, he appeared before the municipal judge in a different municipal court and the judge recused himself from hearing that matter.

[3] The record before us does not contain any support for defendant's claims as to when or how the municipal judge determined he had a conflict of interest.

suppression was unwarranted because there was no evidence of actual bias, partiality, or improper influence on the issuance of the TERPO or search warrant. In a written opinion, the court held that the TERPO and resulting search warrant were supported by probable cause because defendant threatened his neighbors and made specific statements indicating firearm-related damage, establishing a fair probability he posed an immediate danger. The court further found that the TERPO factors justified issuance of the warrant and rejected defendant's arguments that his criminal history was too remote. Accordingly, Judge Breland denied the motion to suppress.

Defendant pled guilty to four counts of fourth-degree bias intimidation and one count of second-degree possession of CDS with intent to distribute. Under the plea agreement, the State agreed to recommend an eight-year custodial term with a four-year term of parole ineligibility on the possession with intent to distribute charge, and concurrent eighteen-month terms on the bias intimidation counts, restitution and no-contact with the victims and witnesses. On December 8, 2023, Judge Breland sentenced defendant in accordance with the agreement, imposing the recommended custodial terms, restitution, no-contact restrictions (including third-party contact), counseling and community program requirements under N.J.S.A. 2C:16-1(a), and other statutory penalties.

On appeal, defendant raises the following arguments for our consideration:

POINT I

THE PHYSICAL EVIDENCE RECOVERED FROM DEFENDANT'S HOME SHOULD BE SUPPRESSED BECAUSE THE TERPO AND SEARCH WARRANT AUTHORIZING INTRUSION INTO THE HOME SHOULD NOT HAVE BEEN ISSUED.

POINT II

THE EVIDENCE MUST BE SUPPRESSED BECAUSE THE SEARCH WARRANT WAS INVALID, HAVING BEEN ISSUED BY A JUDGE WHO HAD PREVIOUSLY REPRESENTED DEFENDANT.

II.

A.

We first address defendant's contention that the trial court erred by denying his motion to suppress evidence obtained from the search of his home. We begin by acknowledging the foundational legal principles that govern this appeal. The scope of review of a decision on a motion to suppress is limited. State v. Ahmad, 246 N.J. 592, 609 (2021); State v. Nelson, 237 N.J. 540, 551 (2019); State v. Boone, 232 N.J. 417, 425 (2017). "Generally, on appellate review, a trial court's factual findings in support of granting or denying a motion

8

to suppress must be upheld when 'those findings are supported by sufficient credible evidence in the record.'" State v. A.M., 237 N.J. 384, 395 (2019) (quoting State v. S.S., 229 N.J. 360, 374 (2017)). Appellate courts must consider the suppression motion solely on the evidence presented at the hearing below. See State v. Gibson, 318 N.J. Super. 1, 9 (App. Div. 1999).

The trial judge has the "'opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy.'" State v. Reece, 222 N.J. 154, 166 (2015) (quoting State v. Locurto, 157 N.J. 463, 471 (1999)). We, therefore, will not disturb the trial court's factual findings unless they are "so clearly mistaken 'that the interests of justice demand intervention and correction.'" State v. Goldsmith, 251 N.J. 384, 398 (2022) (quoting State v. Gamble, 218 N.J. 412, 425 (2014)). "[W]hen the adequacy of the facts offered to show probable cause is challenged . . . and their adequacy appears to be marginal, the doubt should ordinarily be resolved by sustaining the search." State v. Jones, 179 N.J. 377, 388-89 (2004) (quoting Kasabucki, 52 N.J. at 116).

B.

We briefly summarize the relevant constitutional rights underpinning this appeal, beginning with the Fourth Amendment and our state equivalent, Article I, Paragraph 7 of the New Jersey Constitution. Those provisions "provide . . .

'no warrant shall issue except upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the papers and things to be seized.'" State v. Marshall, 199 N.J. 602, 610 (2009) (quoting N.J. Const. art. I, ¶ 7).

Further, a warrant should not be issued unless the court is satisfied that there is "probable cause to believe that a crime has been committed, or is being committed, at a specific location or that evidence of a crime is at the place sought to be searched." State v. Sullivan, 169 N.J. 204, 210 (2001). "Probable cause" for civil search warrants must also be evaluated in light of evolving standards for protected interests. See State v. Hemenway, 239 N.J. 111, 118-20 (2019). In determining whether there is probable cause, the court should utilize the totality of the circumstances test set forth in Illinois v. Gates, 462 U.S. 213, 238 (1983); State v. Novembrino, 105 N.J. 95, 122 (1987). That test requires the court to make a practical, common-sense determination whether, given all of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Gates, 462 U.S. at 238.

C.

Next, we briefly summarize the statutory framework governing this appeal, beginning with the Extreme Risk Protective Order Act of 2018 ("the

A-3767-23

ERPO Act"), N.J.S.A. 2C:58-20 to -32. The ERPO Act "permits the emergent removal of weapons from any person who poses a danger to self or others." Matter of D.L.B., 468 N.J. Super. 397, 402 (App. Div. 2021). Under N.J.S.A. 2C:58-23(e), a TERPO may be issued if the trial court finds "good cause" to believe the respondent poses an "immediate and present danger" of causing bodily injury to self or others by possessing, purchasing, owning, or receiving a firearm. Id. at 405. Additional TERPO factors that should be considered when determining whether an individual poses a significant danger to self or others include: any recent acts or threats of violence; the reckless use, display, or brandishing of a firearm; the violation of any existing restraining orders; and evidence of substance abuse. See N.J.S.A. 2C:58-21, -23.

As we explained in D.L.B.:

> Before deciding to issue a TERPO or FERPO, the statute requires a court to consider eight factors—whether the respondent:
>
> (1) has any history of threats or acts of violence by the respondent directed toward self or others;
>
> (2) has any history of use, attempted use, or threatened use of physical force by the respondent against another person;
>
> (3) is the subject of a temporary or final restraining order or has violated a

11

temporary or final restraining order issued pursuant to the "Prevention of Domestic Violence Act of 1991," . . . ;

(4) is the subject of a temporary or final protective order or has violated a temporary or final protective order issued pursuant to the "Sexual Assault Survivor Protection Act of 2015," . . . ;

(5) has any prior arrests, pending charges, or convictions for a violent indictable crime or disorderly persons offense, stalking offense pursuant to section 1 of . . . (C.2C:12-10), or domestic violence offense enumerated in section 3 of . . . (C.2C:25-19);

(6) has any prior arrests, pending charges, or convictions for any offense involving cruelty to animals or any history of acts involving cruelty to animals;

(7) has any history of drug or alcohol abuse and recovery from this abuse; or

(8) has recently acquired a firearm, ammunition, or other deadly weapon.

[468 N.J. Super. at 403 (citing N.J.S.A. 2C:58-23(f)).]

Moreover, AOC Guideline 3(d)(1) to (11) requires a court to consider additional factors, based on the Act's statement that the eight factors comprise a non-exclusive list, N.J.S.A. 2C:58-23(f), and the requirement that courts consider "any other relevant evidence" in deciding if it will issue a FERPO,

N.J.S.A. 2C:58-24.  See Admin. Off. of the Cts., Admin. Directive No.19-19, Guidelines for Extreme Risk Protective Orders, at 4-5 (Aug. 12, 2019) ("AOC Guidelines") (discussing additional factors incorporated in the AOC Guidelines).  Those three factors pertain to whether the respondent:

> (9) has recklessly used, displayed, or brandished a firearm;
>
> (10) has an existing or previous extreme risk protective order issued against him or her; and
>
> (11) has previously violated an extreme risk protective order issued against him or her.
>
> [AOC Guideline 3(d).]

Only if a court finds at least one of the eleven "behavioral" factors, then it "may consider," AOC Guideline 3(d) (regarding TERPO), AOC Guideline 5(d) (regarding FERPO), and four additional factors pertaining to a person's mental health—whether the respondent:

> (12) has any prior involuntary commitment in a hospital or treatment facility for persons with psychiatric disabilities;
>
> (13) has received or is receiving mental health treatment;
>
> (14) has complied or has failed to comply with any mental health treatment; and

(15) has received a diagnosis of a mental health disorder.

> [D.L.B., 468 N.J. Super. at 404 (AOC Guidelines 3(d)).]

"A finding of one or more factors may not be enough to support the issuance of a TERPO. The judge 'shall issue' the TERPO only 'if the court finds good cause to believe that the respondent poses an immediate and present danger of causing bodily injury to the respondent or others by' possessing a firearm." Id. at 405 (quoting N.J.S.A. 2C:58-23(e)); see also AOC Guideline 4(a). A TERPO may be granted ex parte based on the petitioner's affidavit. D.L.B., 468 N.J. Super. at 405 (citing N.J.S.A. 2C:58-23(d); AOC Guideline 3(c)). The court shall also issue a search warrant for firearms and ammunition in the possession, custody, or control of a respondent or which the respondent could access, upon a showing of probable cause. Ibid. (citing Attorney General, Law Enforcement Directive No. 2019-2 § 6.4 (Aug. 15, 2019)).

The court must then conduct a plenary hearing to determine if a FERPO will be issued. N.J.S.A. 2C:58-24; AOC Guideline 5(a). "Importantly, '[t]he rules governing admissibility of evidence at trial shall not apply to the presentation and consideration of information at the [FERPO] hearing.'" D.L.B., 468 N.J. Super. at 406 (quoting AOC Guideline 5(c)). Thus, the court "may

14

consider an affidavit and documents submitted in support of the petition, and may consider any information provided by the county prosecutor or designee." AOC Guideline 5(c). Presumably, an order cannot be based solely on hearsay; there must be a residuum of competent evidence in the record to support the issuance of a FERPO. D.L.B., 468 N.J. Super. at 406.

"The court shall issue the FERPO order if it finds 'by a preponderance of the evidence at the hearing that the respondent poses a significant danger of bodily injury to the respondent's self or others' by possessing a firearm." Id. at 406-07 (quoting N.J.S.A. 2C:58-24(b)). "The FERPO bars the respondent from possessing, and requires the respondent to surrender, any firearms, ammunition, firearm purchaser identification card, handgun purchase permit, and handgun carry permit." Id. at 407 (citing AOC Guideline 6(b)); see also N.J.S.A. 2C:58-24(d). "A respondent may ask the court at any time to terminate the order" but "[u]ntil the court issues a further order, the FERPO remains in effect." Ibid. (citing AOC Guideline 6(c)).

III.

A.

Applying these legal principles, we affirm the issuance of the TERPO against defendant substantially for the reasons expressed in Judge Breland's statement of reasons.

Defendant contends that the municipal judge who authorized the TERPO "was not presented with a sufficient basis to find probable cause to believe [he] possessed firearms or ammunition or that he posed an immediate danger to himself or others." He further avers the Law Division judge reviewing the order had "no reason to find otherwise." In particular, defendant makes three distinct points: (1) the TERPO application was based on vague or conclusory allegations by police, without direct evidence or recent firearm-related threats; (2) the factual findings did not support a risk of immediate bodily injury to others; and (3) the TERPO and warrant were invalid because the issuing judge previously represented defendant and was not a neutral and detached magistrate.

We reject defendant's arguments, which are primarily rooted in his contention that the issuing court lacked probable cause for the TERPO. Probable cause requires only a fair probability, based on the totality of the circumstances, that a respondent poses an immediate danger of causing bodily injury by possessing or accessing a firearm. Gates, 462 U.S. at 238; N.J.S.A. 2C:58-23(e).

Here, we are satisfied the court properly denied defendant's motion to suppress the evidence seized from his apartment based on Detective Amaro's well-articulated basis as set forth in his certification, establishing probable cause for the issuance of the TERPO. The record before us shows that days prior to the TERPO petition, police were called to defendant's neighborhood on reports from his African-American neighbors of his offensive and threatening actions. Several neighbors reported defendant yelling and threatening them. The certification paints a picture of an out-of-control defendant who was engaged in an escalating course of aggressive and offensive conduct against his neighbors, including offensive physical contact with at least one neighbor who defendant "chest-bumped."

Rather than de-escalating his conduct after police were called, defendant implicated himself in the criminal mischief matter that was under investigation, which police suspected was caused by someone shooting small pellets from a BB-gun into a neighbor's car window. Detective Amaro noted in the TERPO petition defendant's remarks made to his neighbors, which suggested knowledge and possible involvement in the use of a firearm to damage the car.

We are satisfied the cumulative weight of these facts, including defendant's escalating confrontations with his neighbors, racially offensive

17

conduct, reference to a BB-gun-related damage to his neighbor's car, and history of violence, reasonably support the conclusion that he posed an immediate danger to his African-American neighbors. Accordingly, we affirm the court's issuance of the TERPO and denial of defendant's motion to suppress evidence seized during the initial search.

B.

We next address defendant's contention that suppression was required because the municipal judge who issued the TERPO and search warrant had represented him nearly twenty years earlier when he was a public defender in 2004, and therefore should have recused himself from this matter consistent with State v. McCann, 391 N.J. Super. 542 (App. Div. 2007).

The trial court agreed that the municipal judge "should have recused himself" due to his prior representation but declined to suppress the evidence because it found no "discernible bias" in the judge's conduct.

We begin our analysis of this issue by recognizing that "both the Federal and New Jersey Constitutions require that [a] warrant be issued by a 'neutral and detached magistrate.'" Marshall, 199 N.J. at 611-12. Moreover, Rule 1:12-1 provides that a judge is disqualified from presiding over a matter in which the judge previously represented a party where that prior relationship gives rise to

18

an appearance of partiality or actual bias. See R. 1:12-1(c), (g) (requiring recusal when a judge's prior representation of a party creates a reasonable question as to the judge's impartiality or demonstrates actual prejudice)[4]; see also State v. Presley, 436 N.J. Super. 440, 456 (App. Div. 2014). However, "before the court may be disqualified on the ground of an appearance of bias, the belief that the proceedings were unfair must be objectively reasonable." State v. Marshall, 148 N.J. 89, 279 (1997). The test for disqualification on these grounds is whether "a reasonable, fully informed person [has] doubts about the judge's impartiality[]" DeNike v. Cupo, 196 N.J. 502, 517 (2008).

Guided by these principles, we reject defendant's contention that the municipal judge's prior representation rendered him incapable of acting as a neutral and detached magistrate in this case as it relates to the issuance of the TERPO. We rejected a similar argument in McCann, 391 N.J. Super. at 542, where the defendant argued the issuing judge lacked neutrality because of his prior associations with the defendant. In McCann, the judge adjudicated a matter involving a defendant whom he had previously represented as an attorney and with whom he had a long-standing attorney-client relationship in a matter

---

[4] We reference both subsections (c) and (g) because the municipal judge had previously represented defendant as counsel of record in an unrelated matter and nearly twenty-years later authorized the TERPO against him.

A-3767-23

from ten years earlier. 391 N.J. Super. at 545. There, we held that while a judge who previously represented a defendant should not issue a warrant affecting the defendant, suppression is not always required in the absence of actual prejudice or bias. Id. at 553-55.

Similarly, in Presley, we addressed whether a judge's prior professional relationship with a defendant requires disqualification and invalidates subsequent judicial action. See 436 N.J. Super. 440. In that case, the defendant argued that the trial judge should have been disqualified because the judge had previously represented him in an unrelated matter approximately seven years earlier. Id. at 443-44. However, we rejected defendant's contention, emphasizing that Rule 1:12-1 "does not mandate recusal whenever a judge has had any prior professional contact with a party," but instead requires recusal only where the prior relationship would cause a reasonable, fully informed observer to question the judge's impartiality. Id. at 457. And, we further explained that the absence of an ongoing relationship undermined any claim of actual bias or an objectively reasonable appearance of impropriety. Id. at 457-58.

A-3767-23

In Presley, we determined the following non-exclusive list of factors were relevant to the analysis of challenges to searches and seizures on constitutional grounds:

> (1) the nature and extent of the judge's prior role as a prosecutor or attorney and the amount of time that passed since the disqualifying conduct;
>
> (2) the facts known to the judge at the time of the judicial act that is challenged;
>
> (3) the reasonableness of efforts made by the State and the judge to identify a conflict before judicial action is taken;
>
> (4) the evidence of actual partiality on the part of the judge, including any evidence that his or her prior role affected the decision made;
>
> (5) the length of delay in raising the issue and any reason for such delay;
>
> (6) prejudice to the adverse party caused by the delay in raising the disqualification issue;
>
> (7) sufficiency of support for the warrant or order issued by the judge.
>
> [Id. at 463.]

We further explained that no one factor is dispositive and "our analysis is informed by whether the nullification of orders and the suppression of evidence will serve the objective of the Code of Judicial Conduct 'to maintain public

21

confidence in the integrity of the judiciary.'" Ibid. (quoting In re Advisory Letter No. 7-11 of the Supreme Court Advisory Comm., 213 N.J. 63, 71 (2013)).

Applying these legal principles and standards enunciated in our rules and case law governing judicial recusal, we are satisfied the court properly found no basis to conclude the municipal judge's prior representation of defendant—nearly twenty years prior—warrants suppression of the evidence seized from the search or reversal of his conviction by guilty plea. We reach this conclusion because the record does not support defendant's claim that the municipal judge's issuance of the TERPO created an appearance of partiality, actual bias, or a reasonable question as to his impartiality. We are reminded that the TERPO that compelled the initial search was granted on an ex parte basis, without the appearance of defendant, and there is nothing in the record to suggest that the municipal judge recognized defendant by name as a former client at the time.

We further find significant that the parties' attorney-client relationship was remote in time—nearly two decades earlier—limited in scope, and undisputedly unrelated to the present matter. Although defendant notes that the municipal judge previously presided over at least one other matter involving him and acknowledged a conflict on at least one prior occasion, the record contains

22

no evidence that the judge's prior representation affected his decision to issue the TERPO or search warrant here.

The State acknowledges that recusal would have been appropriate once the prior representation was discovered, without specifying when the "discovery" occurred, but that concession does not establish that suppression was required. To address this issue, we turn to Presley, where we held recusal is required only where the prior relationship would cause a reasonable, fully informed observer to question the judge's impartiality. See 436 N.J. Super. at 457. On this point, defendant argues only that the municipal judge's prior representation of him, combined with earlier instances where the judge recognized a conflict or recused himself from unrelated matters, renders the judge incapable of being "neutral and detached" for purposes of fairly issuing the TERPO and search warrant. This argument is without merit as defendant relies on McCann's bright-line rule to argue that any prior attorney-client relationship, even if remote and unrelated, creates an appearance of partiality requiring suppression. 391 N.J. Super. at 553-55.

Finally, even if the municipal judge was required to recuse himself from considering the TERPO and warrant applications, we remain unpersuaded that, viewing the totality of the circumstances, suppression of the evidence is required

23

to preserve the integrity of the judicial process. While we agree that the municipal judge should have recused himself immediately upon being advised of his prior affiliation with defendant, we are persuaded that suppression was unwarranted because there was no evidence of actual bias, partiality, or improper influence in the issuance of the TERPO or search warrant, and suppression is not necessary to preserve public confidence in the judicial process.

To the extent we have not addressed any of the defendant's remaining arguments, it is because we have determined they lack sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3767-23